IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CV-00808-F

ARTHUR O. ARMSTRONG,
)
Plaintiff,
)
v.
)
**MEMORANDUM AND RECOMMENDATION**
ALLIANCE MAZDA KIA,
)
Defendant.
)

This cause comes before the Court upon a pro se complaint filed by Plaintiff (DE-1), which was referred to the undersigned for a memorandum and recommendation on whether Plaintiff has complied with the pre-filing injunctions issued by this Court in In re Armstrong, No. 5:03-CV-941, 2006 WL 3408237, at *3 (E.D.N.C. Jan. 18, 2006), aff'd, No. 06-1191 (4th Cir. April 20, 2006) and Armstrong v. Easley, No. 5:06-CV-495-D (E.D.N.C. Dec. 12, 2006), aff'd, No. 07-1045 (4th Cir. May 3, 2007). (DE-4).

Plaintiff's persistent filing of frivolous documents compelled this Court to enter a standing order to curtail his repeated litigation abuses without unduly restricting his access to the Court. Under the January 18, 2006 pre-filing injunction, any complaint filed by Plaintiff "must specifically identify the law(s) which plaintiff alleges was (were) violated and must allege all facts with specificity." The pre-filing injunction also requires the Court to determine whether the complaint is "repetitious and/or frivolous."

In his instant complaint, Plaintiff seeks to bring an action pursuant to 42 U.S.C. § 1983 against defendant Alliance Mazda Kia ("Alliance"). Plaintiff alleges that Alliance denied him "the privileges of purchasing a 2010 KIA Forte without due process of law in violation of the Fourteenth Amendment to the Constitution of the United States." Compl. ¶ 6, DE-1. The undersigned concludes that Plaintiff's complaint is frivolous and should be dismissed.

A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. This Court is required to liberally construe pro se complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such pro se complaints are held to a less stringent standard than those drafted by attorneys, *id.*; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93. Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts setting forth a claim cognizable in a federal district court. *See* Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990); *see also* Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). *See also* Brown v. EEOC, No. 4:05-cv-74-H, 2006 U.S. Dist. LEXIS 95997, at *2 (E.D.N.C. May 18, 2006) ("[W]hile the Court must liberally construe the plaintiff's pro se pleadings, the Court will not act as the plaintiff's counsel.").

Here, Plaintiff alleges Alliance violated 42 U.S.C. § 1983, which states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

In order to state a claim under § 1983, "a plaintiff must aver that a person acting under color of state law deprived him of a constitutional right or a right conferred by a law of the United States." Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 (4th Cir. 2009). An individual cannot seek relief under § 1983 for actions or conduct by private citizens unless the private citizen has "a sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions" or "the state has so dominated such activity as to convert it to state action." DeBauche v. Trani, 191 F.3d 499, 506-07 (4th Cir. 1999). In *DeBauche*, the Fourth Circuit acknowledged four instances in which a private citizen can be deemed a state actor, and thus incur liability under § 1983:

> "(1) when the state has coerced the private actor to commit an act that would be unconstitutional if done by the state; (2) when the state has sought to evade a clear constitutional duty through delegation to a private actor; (3) when the state has delegated a traditionally and exclusively public function to a private actor; or (4) when the state has committed an unconstitutional act in the course of enforcing a right of a private citizen."

*Id.* at 507 (quoting Andrews v. Federal Home Loan Bank of Atlanta, 998 F.2d 214, 217 (4th Cir. 1993)). Absent one of these circumstances, private conduct cannot be deemed to be an action of the state. *Id.* at 507-08.

Here, Plaintiff seeks redress under 42 U.S.C. § 1983 against a private actor. Although Plaintiff asserts that "the conduct complained of was engaged in under color of state law," Compl. ¶ 5, he alleges no facts demonstrating any delegation of state authority to Alliance or other

3

relationship between Alliance and the state as to render Alliance a state actor for purposes of § 1983 liability. Because Alliance is not a state actor, it cannot be held liable for Plaintiff's § 1983 claim. *See* Austin v. Paramount Parks, Inc., 195 F.3d 715, 727-28 (4th Cir. 1999) (private corporation may not be held liable under § 1983 on theory of *respondeat superior*). Accordingly, Plaintiff's § 1983 claim is "based on an indisputably meritless legal theory" and should be dismissed as frivolous.

Thus, in accordance with the pre-filing injunction, the undersigned RECOMMENDS the following:

(1) That Plaintiff's complaint be DISMISSED;

(2) That Plaintiff be SANCTIONED $350.00 (the amount of the filing fee); and

(3) That an appeal from this order would be frivolous.

*See, e.g.*, Armstrong v. Purdue, No. 5:11-CV-73-FL (E.D.N.C. Sept. 7, 2011) (dismissal order comparable to that recommended also based on pre-filing injunction).

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Wednesday, January 9, 2013.

*[signature]*

WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE